TAMPA JOCKEY CLUB, INC., *et al.*, *Appellants*, v. STATE OF FLORIDA *ex rel.* R. E. L. CHANCEY, AS COUNTY SOLICITOR FOR HILLSBOROUGH COUNTY, FLORIDA, *Appellee.*

En Banc.

Opinion Filed March 9, 1927.

1. The bet or wager on the result of the race under such a plan as is shown to have been adopted by the plaintiff in error occurs when the money is deposited at the window for the purchase of the certificate which entitles the holder to participate in the purse created by the sale of such certificates in the event that the horse which the purchaser has selected shall win according to the place in the race selected by such purchaser; and the operator of the booth or ticket window through its agents then and there becomes the custodian or depositary of the money staked as denounced by Section 5514, Revised General Statutes of Florida.

2. The fact that one engaged in the business of being custodian or depositary of money unlawfully bet or wagered may agree to refund to any dissatisfied patron the amount of his bet or wager will not under the facts of this case change the status before the law of the one engaged in such enterprise, nor render lawful the act which would otherwise be unlawful.

An Appeal from the Circuit Court for Hillsborough County; F. M. Robles, Judge.

Affirmed.

*Palmer, Dickenson & Shurley,* for Appellants;

*R. E. L. Chancey,* County Solicitor, *R. G. Tittsworth* and *Herbert S. Phillips,* for Appellee.

PER CURIAM.—This case involves the same questions of law and like matters of fact as were presented in the case of

Pompano Horse Club, Inc., *et al.* v. State *ex rel.* John M. Bryan, which was decided at this term of this Court, except that in the instant case it is contended that by reason of a notice posted at the booths where certificates were sold and probably also printed on the tickets in the following language, ''It is distinctly agreed and understood that the holder of this certificate has donated the amount in money represented on reverse side hereof, same to be used by West Coast Amusement Company, Incorporated, to make up a purse, prize or premium to be contended for in the race for which this certificate was issued. It is further understood and agreed that the original donor of amount represented by this coupon, if dissatisfied with his donation, may within twenty minutes after the running of such race present this coupon at proper window and receive amount of his donation. This right is not transferable and not assignable, and only the original donor in person shall have the right secured.''

All features of gambling that might otherwise exist in operation of the plan under which such certificates are sold and redeemed were eliminated.

We cannot agree with this contention. The bet or wager on the result of the race under such a plan occurs when the money is deposited at the window for the purchase of the certificate which entitles the holder to participate in the purse created by the sale of such certificates in the event that the horse which the purchaser has selected shall win according to the place in the race selected by such purchaser; and the operator of the booth or ticket window through its agents then and there becomes the custodian or depositary of the money staked as denounced by Section 5514, Revised General Statutes of Florida. The fact that one engaged in the business of being custodian or depositary of money unlawfully bet or wagered may agree to refund

to any dissatisfied patron the amount of his bet or wager will not change the status before the law of the one engaged ·in such enterprise, nor render lawful the act which would otherwise be unlawful.

This case should be affirmed on authority of the opinion in the case of Pompano Horse Club, Inc., *et al.* v. State *ex rel.* John M. Bryan, *supra,* and it is so ordered. The supersedeas order heretofore entered herein is now vacated.

Affirmed.

WHITFIELD, TERRELL, STRUM, BROWN AND BUFORD, J. J., concur.

ELLIS, C. J., dissents.